2022R00903/CS/PAL/ar

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Julien Xavier Neals, U.S.D.J. |
| v. | : | Crim. No. 24-482 |
| ROSE MARTINS, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | <u>(MONEY JUDGMENT)</u> |

WHEREAS, on or about July 26, 2024, pursuant to a plea agreement with the United States, defendant Rose Martins pleaded guilty to a one-count Information ("Information"), which charged her with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343 and in violation of 18 U.S.C. § 1349. In the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, the defendant obtained that constitutes or is derived from proceeds traceable to the wire fraud conspiracy offense charged in Count One of the Information, which the defendant agreed had a value of $333,057.99 (the "Money Judgment"); and

WHEREAS, in the plea agreement, the defendant further acknowledged that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United States to forfeit substitute assets of the defendant in an amount not to exceed the amount of the Money Judgment; and

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged she understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of her assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. All property, real or personal, that constitutes or is derived from proceeds obtained by the defendant that are traceable to the commission of the wire fraud conspiracy offense charged in Count One of the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. The defendant having conceded that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit

proceeds and/or substitute assets equal to the value of the proceeds the defendant obtained, which was $333,057.99. A money judgment in the amount of $333,057.99 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (a) electronic funds transfer, as directed by the United States Attorney's Office, or (b) postal money order, bank or certified check, made payable in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. After the defendant is sentenced and the Judgment is entered on the docket, the United States Marshals shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Asset Forfeiture Fund.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be

made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount $333,057.99.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 17th day of March, 2025

_____
Hon. Julien Xavier Neals, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

John Giordano
United States Attorney

_____   Dated: 3/17/25
By: John Mezzanotte
Assistant United States Attorney


_____   Dated: 3/17/25
Timothy Donohue, Esq.
Attorney for Defendant Rose Martins


_____   Dated: 3/17/25
Rose Martins, Defendant